1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| JOHN DURAN, | ) 1:09cv0138 OWW DLB |
| | ) |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| v. | ) |
| | ) |
| AURORA LOAN SERVICES; QUALITY | ) |
| LOAN SERVICE CORPORATION, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

17          Plaintiff John Duran ("Plaintiff"), appearing pro se and proceeding in forma pauperis,

18    filed the instant complaint on January 22, 2009.  For the reasons stated below, Plaintiff's

19    complaint is dismissed with leave to amend.

20                                        **DISCUSSION**

21    A.      Screening Standard

22          Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

23    complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

24    if the court determines that the action is legally "frivolous or malicious," fails to state a claim

25    upon which relief may be granted, or seeks monetary relief from a defendant who is immune

26    from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

27    a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

28    cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

C.    Allegations

Plaintiff sues Aurora Loan Services ("Aurora") for breach of an agreement and Quality Loan Service Corporation ("Quality") for violation of the Fair Debt Collection Practices Act. Plaintiff alleges that Aurora and Quality have "proceeded to conduct the sale of property at auction denying borrower the fundamental rights of due process while conducting business." Complaint, p. 2.

Plaintiff further alleges that he entered into an agreement with Aurora on a promise that Aurora would strongly consider modification of an existing loan.  Plaintiff contends that he made three consecutive payments and provided Aurora with the necessary information to commence the modification.  After several attempts to negotiate, Aurora transferred the note for collections with a third-party collections service, Quality.

Plaintiff requests that the court hear this matter and "render a decission [sic] as to whether [Aurora and Quality] have a standing to foreclose on a property that has no equity and where the value of the property has greatly affected a 'loss' in its value due to the current realestate [sic] meltdown."  Complaint, p. 2.

Plaintiff alleges two claims for relief.  In his first claim, Plaintiff alleges breach of an oral and written agreement by Aurora.  In his second claim, Plaintiff alleges deprivation of mandates under the Fair Debt Collection Practices Act ("FDCPA") by Quality.

D.   Analysis

1.   *FDCPA against Quality*

To be held liable for a violation of the FDCPA, 15 U.S.C. §§ 1692-1692p, a defendant must fall within the FDCPA's definition of "debt collector."  The FDCPA defines "debt collector," in relevant part, as:

> ...any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts (whether on behalf of himself or others); or (2) "a person" who "regularly" collects debts on behalf of others (whether or not it is the principal purpose of his business).  The FDCPA defines "debt" as:

> . . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a "debt collector" collecting a "debt."  Izenberg v. ETS Services, LLC, 2008 WL 5179088, at *3 (C.D.Cal. December 8, 2008).  Here, Plaintiff does not allege that Quality is a debt collector collecting a debt within the meaning of the FDCPA.  Plaintiff also does not identify the

3

provision(s) of the FDCPA that have purportedly been violated by Quality.  As such, Plaintiff's complaint against Quality is dismissed, but he will be given an opportunity to amend those claims against Quality that he believes, in good faith, are cognizable.

However, to the extent that Plaintiff intends to pursue a FDCPA claim against Quality arising out of foreclosure on the property pursuant to a deed of trust, he may not do so. Foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA.  Izenburg, 2008 WL 5179088, at *3 (citing Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.2002) (internal citations and quotations omitted); *see also Barbanti v. Quality Loan Service Corp.*, 2006 WL 3692638, at *10 (E.D.Wash. December 11, 2006).

2.      *Breach of Agreement against Aurora*

Plaintiff alleges breach of an oral and written agreement by Aurora.  Federal courts are courts of limited jurisdiction.  As a general rule, absent diversity of citizenship, federal law must create or play a necessary role in the cause of action pled by the plaintiff in order for jurisdiction to lie in federal court. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).  Here, Plaintiff has not alleged diversity of citizenship.  Further, none of the claims pled against Aurora state a cause of action under federal law or "turn[] on some construction of federal law."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).  Absent diversity, a cause of action for breach of an agreement presents an issue of state law and generally must be adjudicated in state court.

Plaintiff may contend that this state law claim may be asserted against Aurora under the doctrine of supplemental jurisdiction.  However, under 28 U.S.C. § 1367(a), the district courts "shall have supplemental jurisdiction over ... related ... claims ... within such original jurisdiction ...."  This pendant jurisdiction depends upon the main cause of action over which the court has jurisdiction for its survival.  If the claim against Quality for violations of the FDCPA is dismissed, as here, it is appropriate to dismiss pendent claims as well.

Based on the above, Plaintiff's complaint is dismissed against Aurora.  However, he will be given an opportunity to amend his claims against Aurora, including the basis of this court's jurisdiction.

## **ORDER**

For these reasons, Plaintiff's complaint must be dismissed.  He will be given an opportunity to amend his complaint, however, to correct these deficiencies.  Again, Plaintiff should only amend those claims that he believes, given the above standards, are cognizable.  Plaintiff must submit an amended complaint within thirty (30) days.  Failure to do so will result in a recommendation that this action be dismissed.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.


IT IS SO ORDERED.

Dated:   **January 30, 2009**          _____ **/s/ Dennis L. Beck**_____
UNITED STATES MAGISTRATE JUDGE