**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AURORA LOAN SERVICES; QUALITY LOAN SERVICE CORPORATION,<br><br>　　　　　Defendants. | 1:09cv0138 OWW DLB<br><br>ORDER DISMISSING AMENDED COMPLAINT AGAINST AURORA LOAN SERVICES WITH LEAVE TO AMEND |

　　　　Plaintiff John Duran ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed an initial complaint in this matter on January 22, 2009, naming Aurora Loan Services and Quality Loan Service Corporation as Defendants.

　　　　On January 30, 2009, the Court dismissed Plaintiff's complaint with leave to amend. The Court explained the legal standards for Plaintiff's alleged claims and provided instruction for filing an amended complaint. The Court explained the elements of a Fair Debt Collection Practices action against a debt collector as well as the limited jurisdiction of this Court. The Court gave Plaintiff thirty (30) days to amend his complaint and reminded Plaintiff that an amended complaint supercedes the original complaint and must be complete in itself.

　　　　Plaintiff requested an extension of time to file an amended complaint, which the Court granted on March 12, 2009. On April 3, 2009, Plaintiff filed a document entitled "Supplemental to Amended Complaint." (Doc. 9). Plaintiff filed an amended complaint on April 6, 2009.

(Doc. 10). For the reasons discussed below, the Court DISMISSES the Amended Complaint with leave to amend only as to Aurora Loan Service. Contemporaneous with this order, the Court issued findings and recommendations that this action be dismissed against Quality Loan Service Corporation without leave to amend.

**DISCUSSION**

A.   Allegations

In his Amended Complaint, Plaintiff names Aurora Loan Services and Quality Loan Service Corporation. Plaintiff alleges that he entered into a Home Retention Program agreement with Aurora Loan Services with the promise that an existing mortgage loan would be modified. Plaintiff asserts that Aurora disposed of the property at auction for a mere $46,000.00 and contends that it was an act of malice and bad faith intent. Plaintiff further alleges that Aurora entered an agreement to modify the loan and defaulted.

As to Quality Loan Services, Plaintiff alleges that it is an agency attempting to collect a debt and is obligated to comply with the mandates of the Fair Debt Collection Practice Act. Plaintiff further alleges that Quality failed to produce the original note to allow the debtor to examine its contents.

Although not entirely clear from the Amended Complaint, Plaintiff also appears to request judicial notice of the following:

> "'Four Corners Rule' of any contract for violations of Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), Home Ownership and Equity Protection Act (HOEPA), Equal Credit Opportunity Act (ECOA), Breach of Contract, Real Party in Interest, Unconscionabiltiy [sic] and Failure to Establish Conditions Precedent...."

Amended Complaint, p. 3-4. Plaintiff contends that Defendants caused a monetary loss for foreclosing on Plaintiff's investment by "bad faith" collections practices. Plaintiff explains that the only remedy he is seeking "is to return the property for a sales price of $40,000.00, via their original bank of origin...." Amended Complaint, p. 5.

B.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof

2

1  if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

C.  Analysis

*Aurora Loan Services*

The Amended Complaint does not set forth an express cause of action against Aurora Loan Services.  Although the Amended Complaint is not clear, Plaintiff appears to assert a claim for breach of an agreement against Aurora Loan Services.

*Jurisdiction*

Plaintiff has failed to establish this Court's jurisdiction over state law claims alleged against Aurora Loan Services. As the Court previously informed Plaintiff, federal courts are courts of limited jurisdiction. As a general rule, absent diversity of citizenship, federal law must create or play a necessary role in the cause of action pled by the plaintiff in order for jurisdiction to lie in federal court. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). None of the claims plead against Aurora state a cause of action under federal law or "turn[] on some construction of federal law."[1] Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983).

Absent diversity, a cause of action for breach of an agreement against Aurora presents an issue of state law, and generally must be adjudicated in state court. 28 U.S.C. Section 1332 provides for federal jurisdiction based on diversity of citizenship:

> (a) The district courts hall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
> (1) citizens of different States:
> (2) citizens of a State and citizens or subjects of a foreign state:
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Diversity jurisdiction therefore requires that all parties to the action be "citizens" of different states. For purposes of diversity jurisdiction, a domestic corporation is deemed a citizen of its state of incorporation and of the state of its principal place of business. 28 U.S.C. § 1332(c). Plaintiff does not allege the "citizenship" of Aurora Loan Services to be in a state other than where Plaintiff resides. Additionally, Plaintiff does not establish that the amount in controversy exceeds the jurisdictional amount of $75,000. It is noted that Plaintiff requests return of the property for a sales price of $40,000, which is less than the jurisdictional amount. However, the attached exhibits reference a note secured by the property in the amount of

---

[1] The Court also has recommended dismissal without leave to amend claims against Quality Loan Service Corporation arising out of federal law, thereby eliminating any basis for pendent jurisdiction over a state claim against Aurora. 28 U.S.C. § 1367(a).

4

$135,000.  Exhibit G to Amended Complaint.  Plaintiff will be given an additional opportunity to amend his complaint against Aurora Loan Services to establish this Court's jurisdiction.

*Breach of Agreement*

The Court also provides Plaintiff with the following legal standard to assist him in amending his complaint.  Plaintiff should carefully review the standard and amend only those claims that he believes, in good faith, are cognizable.

To state a cause of action for breach of contract, a plaintiff must allege: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff.  Reichert v. Gen. Ins. Co. Of Am., 68 Cal.2d 822, 830, 69 Cal.Rptr. 321, 442 P.2d 377 (1968).  Under California law, a written contract can be pled by alleging its making and either attaching a copy of the contract or alleging the substance of the terms.  Perry v. Robertson, 201 Cal.App.3d 333, 341, 247 Cal.Rptr. 74 (1988).

**ORDER**

For the above reasons, Plaintiff's complaint must be dismissed.  He will be given a final opportunity to amend his complaint, however, to correct these deficiencies.  Again, Plaintiff should only amend those claims that he believes, given the above standards, are cognizable.  Plaintiff must submit an amended complaint within thirty (30) days.  Failure to do so will result in a recommendation that this action be dismissed.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated: **April 23, 2009**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE