# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN DURAN, | ) | 1:09cv0138 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF CLAIMS |
| v. | ) | AGAINST QUALITY LOAN SERVICE |
| | ) | CORPORATION |
| AURORA LOAN SERVICES; QUALITY LOAN SERVICE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John Duran ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed an initial complaint in this matter on January 22, 2009, naming Aurora Loan Services and Quality Loan Service Corporation as Defendants.

On January 30, 2009, the Court dismissed Plaintiff's complaint with leave to amend. The Court explained the legal standards for Plaintiff's alleged claims and provided instruction for filing an amended complaint. The Court explained the elements of a Fair Debt Collection Practices action against a debt collector as well as the limited jurisdiction of this Court. The Court gave Plaintiff thirty (30) days to amend his complaint and reminded Plaintiff that an amended complaint supercedes the original complaint and must be complete in itself.

Plaintiff requested an extension of time to file an amended complaint, which the Court granted on March 12, 2009. On April 3, 2009, Plaintiff filed a document entitled "Supplemental to Amended Complaint." (Doc. 9). Plaintiff filed an amended complaint on April 6, 2009. (Doc. 10). For the reasons discussed below, the Court recommends that this action be dismissed against Quality Loan Service Corporation without leave to amend. Contemporaneous with this recommendation, the Court has issued an order dismissing the action against Aurora Loan

1

Service with leave to amend.

**DISCUSSION**

A. <u>Allegations</u>

In his Amended Complaint, Plaintiff names Aurora Loan Services and Quality Loan Service Corporation. Plaintiff alleges that he entered into a Home Retention Program agreement with Aurora Loan Services with the promise that an existing mortgage loan would be modified. Plaintiff asserts that Aurora disposed of the property at auction for a mere $46,000.00 and contends that it was an act of malice and bad faith intent. Plaintiff further alleges that Aurora entered an agreement to modify the loan and defaulted.

As to Quality Loan Services, Plaintiff alleges that it is an agency attempting to collect a debt and is obligated to comply with the mandates of the Fair Debt Collection Practice Act. Plaintiff further alleges that Quality failed to produce the original note to allow the debtor to examine its contents.

Although not entirely clear from the Amended Complaint, Plaintiff also appears to request judicial notice of the following:

> "'Four Corners Rule' of any contract for violations of Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), Home Ownership and Equity Protection Act (HOEPA), Equal Credit Opportunity Act (ECOA), Breach of Contract, Real Party in Interest, Unconscionabiltiy [sic] and Failure to Establish Conditions Precedent...."

Amended Complaint, p. 3-4. Plaintiff contends that Defendants caused a monetary loss for foreclosing on Plaintiff's investment by "bad faith" collections practices. Plaintiff explains that the only remedy he is seeking "is to return the property for a sales price of $40,000.00, via their original bank of origin...." Amended Complaint, p. 5.

B. <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8(a) provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

C.  Analysis

*Quality Loan Service Corporation*

In the Amended Complaint, Plaintiff alleges that Quality Loan Service Corporation ("Quality") aided Aurora in auctioning the property. Plaintiff further alleges that Quality is an agency attempting to collect a debt and is obligated to comply under the mandates of the Fair Debt Collection Practices Act ("FDCPA").

The Court previously informed Plaintiff that to state a claim for violation of the FDCPA, he must allege that the defendant is a "debt collector" collecting a "debt." Izenberg v. ETS Services, LLC, 2008 WL 5179088, at *3 (C.D.Cal. December 8, 2008). Here, Plaintiff alleges

1 that Quality is a debt collector collecting a debt within the meaning of the FDCPA, citing Exhibit
2 G to the Amended Complaint. However, based on Exhibit G submitted by Plaintiff, it appears
3 that he intends to pursue a FDCPA claim against Quality arising out of foreclosure on the
4 property at issue pursuant to a deed of trust. Exhibit G, a Notice of Trustee's Sale, provides that
5 Plaintiff is in default under a deed of trust and identifies Quality Loan Service Corp. as the
6 Trustee. As the Court also notified Plaintiff, foreclosing on a property pursuant to a deed of trust
7 is not the collection of a debt within the meaning of the FDCPA. Izenburg, 2008 WL 5179088,
8 at *3 (citing Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.2002) (internal
9 citations and quotations omitted); see also Barbanti v. Quality Loan Service Corp., 2006 WL
10 3692638, at *10 (E.D.Wash. December 11, 2006); Heinemann v. Jim Walter Homes, Inc., 47
11 F.Supp.2d 716, 722 (D.W.Va 1998), aff'd, 173 F.3d 850 (4th Cir. 1999) (trustees, under notice of
12 sale and final sale, were foreclosing on property and such activities did not fall within terms of
13 FDCPA). It appears that Plaintiff cannot cure the deficiencies of his FDCPA claim against
14 Quality.

## **RECOMMENDATION**

Based on the above, the Court RECOMMENDS that the claims in the Amended Complaint against Quality Loan Service Corporation be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 23, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE